JOHN T. GEORGE; JOHN R. DALEY, JR. - WS9561

PLAINTIFF (AMENDMENT) - 02-11896-REK

    V

THE, MASSACHUSETTS COMMONWEALTHS,
WARDEN, COMMISIONER, PAROLE BOARD
AND THEIR CHAIN IN COMMAND
(et.al.)

DEFENDANTS

SUED IN THEIR CAPACITIES, AND
ENTITIES

 

CIVIL RIGHTS ACTION AND
FEDERAL STATUTORY LAWS
INFRINGHENT ACTION (AMENDMENT) - 02-11896-REK
FED. R. CIV. PROC. RULE. 15., 28 U.S.C.A.

1) THIS IS A 2004 ACTION FILED BY, JOHN T. GEORGE; JOHN R. DALEY, JR. -
WS9561 STATE CONVICT I.D. # [A] RASTAFARIAN AND A UNITED STATES
CITIZEN OF AMERICA. A STATE PRISONER, ALLEGING THE VIOLATION OF
MY (STATE/COMMONWEALTH) STATUTORY LAWS, FEDERAL STATUTORY LAWS
AND THE UNITED STATES CONSTITUTION, ARTICLES, ALSO THE UNITED
STATES TREATIES OF AMERICA. [P.]LAINTIFF SEEKING MONEY DAMAGES,
IN A PROSPECTIVE MANDATORY DECLARATORY AND A EXCEPTIONAL
PROSPECTIVE APPROPRIATE (AFFIRMATIVE) IMENATE INJUNCTIVE RELIEF
WHICH IS ADEQUATELY PROTECTED BY LITIGATION EXCEPTION, IN-
WHICH SHOWS HARDSHIP TO PLAINTIFF. PLAINTIFF REQUEST TRIAL BY
JURY, ALSO FOR THE, "AMENDMENT" PURSUANT TO, FED. R. CIV. PROC. R. 15., 28 USCA.

[3]

## EXCEPTIONAL, EXCLUSIVE JURISDICTIONAL STATEMENT

U.S.C., U.S.C.A., U.S.C.A. Const. Amend. 14TH, 42 U.S.C. §§ 1981, 1983, 1985(3), 1997(e)(c),
2000 bb-1
(TITLE: 42), (CFR OF TITLE: 42)
(42 U.S.C.A.)

U.S.C., U.S.C.A., U.S.C.A. Const. Amend. 14TH, 28 U.S.C. §§ 1331, 1343(3), 1345, 1367(a),
1651(a)(b), 1963, 2021, 2101(A-G), 2112(a)(3),
2201-2, 2413, 2461 ch. 163 Sec. 1, 2, 3, 4, 5, 6.
(TITLE: 28), (CFR OF TITLE: 28),
(28 U.S.C.A.)

U.S.C., U.S.C.A., U.S.C.A. Const. Amend. 14TH, 21 U.S.C. § 841(b) "SPECIAL PAROLE TERM"
Involving NARCOTIC DRUGS
(TITLE: 21), (CFR OF TITLE: 21),
(21 U.S.C.A.)

U.S.C., U.S.C.A., U.S.C.A. Const. Amend. 14TH, 18 U.S.C. §§ 401(1)(2)(3), 402 (DISOBEDIENCE),
3626(3)(i)(ii)(A)(B)(C)(D)(E)(i)(ii)(F),
(TITLE: 18), (CFR OF TITLE: 18),
(18 U.S.C.A.)

U.S.C., U.S.C.A., U.S.C.A. Const. Amend. 14TH, 15 U.S.C. §§ 1, 77v, 78aa
(TITLE: 15), (CFR OF TITLE: 15),
(15 U.S.C.A.)

[4]

U.S.C., U.S.C.A., U.S.C.A. CONST. AMEND. 14 TH, 12 U.S.C. §§ ... { FED. DEPOSIT AND TREASURY ISSUE CORPORATION }

(TITLE: 12), (CFR OF TITLE: 12), (12 U.S.C.A.)

U.S.C., U.S.C.A., U.S.C.A. CONST. AMEND. 14 TH, 5 U.S.C. §§ 551, 552a(e)(5), (g)(1)(B), (g)(4), 701 - 706 (APA) GENERALLY, (TITLE: 5), (CFR OF TITLE: 5), (5 U.S.C.A.)

U.S.C., U.S.C.A., U.S.C.A. CONST. AMENDS. 1, 5, 8, 14. ALSO (14 §§ 1, 5), 14 § 5 ARTICLE. I. U.S.C.A. CONST. ART. 1, § 1 - (PLENARY POWERS), U.S. CONST. ART. I, § 8, Cl. 18. (SWEEPING - CLAUSE), 1 CFR §§ 305.86-7 (2004), U.S.C.A. CONST. ART. 6, Cl. 2. (SUPREMECY CLAUSE)

"UNITED STATES SENTENCING GUIDE LINES,"
U.S.S.G. §§ 1B1.1. (h), 2N2.1. (MALNUTRITION), 8C4.2., U.S.C.S. APPx. CH. 5, PART. A.
- ("VULNERABLE VICTIM" -"PRISONER") (CRIMES AND FINES).

ALSO PURSUANT TO, THE FEDERAL TORT CLAIMS ACT. TO THE UNITED STATES OF AMERICA; U.S.C., U.S.C.A.; U.S.C.A AMENDS., 28 U.S.C.A. §§ 1346(b), 2671, 2679(a)

[5]

2) PLAINTIFF, JOHN T. GEORGE, JOHN R. DALEY, JR. [I]s AN AVOWED RASTAFARIAN CONVICT AND (HAS/HAVE) BEEN FOR THE PAST 24 YEARS. PRESENTLY INCARCERATED AT THE STATE MAXIMUM SECURITY PRISON OF M.C.I CEDAR JUNCTION WALPOLE, P.O.BOX 100, SOUTH WALPOLE MA. 02071

3) DEFENDANTS, (et.al.) THE MASSACHUSETTS COMMONWEALTH'S, WARDEN, COMMISSIONER AND THEIR ADMINISTRATIVE SYSTEMS MANAGER, CHIN IN COMMAND PAROLE BOARD. THEY ARE RESPONSIBLE FOR THE PROPER MAINTAINANCE AND RUNNING OF THE PAROLE BOARD, AND THE "REVIEWING" OF (CONVICTS) SIX PART FOLDERS ALSO THE RELEASE OF PRISONER UPON THE PAROLE ELIGABILITY, PURSUANT TO FEDERAL STATUTORY LAWS OF CONGRESS, U.S.C.A. CONST. AMEND. 14, (14 §§ 1,5) "GARUNTEED DUE PROCESS". [T]HE (et.al.) DEFENDANTS, PAROLE BOARD ARE TO, INVESTIGATE CONVICTS COMPLAINTS OF THEIR NATURE, "PAROLE BOARD PETITION" ACCORDING TO THE ADMINISTRATIVE REMEDY PROCEDURES FOR, (1) THE OPERATION OF THE ADMINISTRATION REMEDY PROCEDURE AT INSTITUTIONS; (2) ESTABLISHING PROCEDURES FOR RECEIVING, REVIEWING, INVESTIGATING AND RESPONDING TO COMPLAINTS OR APPEALS BY AN (CONVICT/INMATE); (3) CONDUCTING INVESTIGATIONS INTO EACH COMPLAINT, OR PETITION, (TITLE: 28 CFRS) PERTAINING TO ENCLOSED MATTER, "et.al. DUTIES". PURSUANT TO, 1 U.S.C. §1; 1 U.S.C.A. §1 (PAROLING STATUTES).

[6]

[S]TATUTORY [R]EMEDY [I]N [M]ONETARY [D]AMAGES BASED ON THE DUTY TO INVESTIGATE, AS CONSTRUED BY THE MAJORITY, MAKES LOCAL PRISON OFFICIALS PERSONALLY LIABLE FOR THE FULL RANGE OF CONSTITUTIONAL VIOLATIONS THAT MAY OCCUR IN THE PRISON SYSTEM, WHETHER OR NOT THEY HAVE ANY RESPONSIBILITY FOR OR ABILITY TO PREVENT THOSE ERRORS., UNITED STATES LAW: # 50.5(1), 50.10(3), #50.5(1), 50.10(3), U.S.C.A.

## FACTS

4) PLAINTIFF IS INCARCERATED AND ALLEGING THE VIOLATION OF PRISONERS CONSTITUTIONAL RIGHTS PURSUANT TO, U.S.C.A. Const. Amend. 1., U.S. Const. Amend. 1., FREEDOM OF RELIGION, THE ESTABLISHMENT CLAUSE; U.S.C., U.S.C.A. Const. Amend. 14. "DUE PROCESS", SUBSTANSIVE DUE PROCESS AND LIBERTY INTEREST, Art. 1, 8 cl. 17. (EXCELARATED RELEASE), U.S.C.A. Const. Art. 1 & 9, cl. 3. Amend. 5., Article V.; U.S.C.; U.S.C.A.; U.S.C.A. Const. Amend. PURSUANT TO, 18 U.S.C. §§ 241, 242, 3626(3)(i)(ii)-(B)(C)(D)(E)(i)(F). [T]HE (et.al.) DEFENDANTS ARE ALSO IN VIOLATION OF ADMINISTRATIVE LAW AND PROCEDURE LAW: #413, #413, U.S.C.A. AND THE ADMINISTRATIVE PROCEDURE ACT, (APA) GENERALLY.

[7]

5-A) THE MASSACHUSETTS COMMONWEALTH'S, AGENCY'S "FAILURE TO COMPLY" IN THE REVIEWING OF SAID CONVICTS SIX PART FOLDER AND ANY PETITION TO THE PAROLE BOARD BY (PLAINTIFF) PURSUANT TO, 5 U.S.C. §§ 551, 552a(e)(5), (g)(1)(D), (g)(4), 5 U.S.C.A. APP. 2(g)(1)(C), (g)(4) AND IN VIOLATION OF THE DEPARTMENT OF JUSTICE COMPLIANCE, (CFR's §§ REGULATIONS)·, U.S. DISTRICT COURT RULE. 8a "GENERAL PLEADING" AND F.R. APP. PROC. RULE. 38·, 28 U.S.C.A., SEE EXHIBITS: (A) DATED: 11/12/02 (10) PAGES; SEE PAGE EIGHT, MEDICAL ISSUES: LACKING IN NUTRIENTS, PROTEINS, MINERALS, VITAMINS, INADEQUET DIET, RELIGIOUS MEALS, EXHIBIT (B) PAGE ELEVEN DATED: 12/3/03, PAGE NINETEEN, THE AGENCY NEVER INVESTIGATED THE, ANUAL PAROLE REVIEW HEARING NOTICES, STATE AND COUNTY SENTENCES. BY THE INMATE ABOUT (MY/HIS) SERIOUS LACKING IN NUTRIENTS ETC. PURSUANT TO, U.S.S.G. §§ 1B1.1.(h), 2N2.1.(MALNUTRITION), 8C4.2., U.S.C.S. APPx. CH. 5, PART. A. ("VULNERABLE VICTIM" - PRISONER") CRIMES AND FINES. THERE WAS NEVER ANY "WRITTEN REPORTS" BY THE AGENCY TO THE (DOC) OF MASSACHUSETTS ADMINISTRATION ABOUT CONVICTS FOOD ISSUE, "PROFICIENCY REPORT" IS IN QUESTION, OF THE MASSACHUSETTS PAROLE BOARD. "CARELESS".

5-B) [P]URSUANT TO THE PRIVACY ACT OF 1974, 5 U.S.C § 552a (UP DATE VERSION), EVERY AGENCY (STATE/FEDERAL) IS OBLIGATED TO ENSURE THAT INFORMATION COMPILED IN AN INDIVIDUALS RECORDS, SUCH AS PERSONAL EVALUATIONS, IS ACCURATE, RELEVANT, TIMELY AND COMPLETE, 5 U.S.C § 552a (e)(5).

[8]

AN INDIVIDUAL DEMONSTRATING THAT AN AGENCY HAS FAILED TO MEET "SAID" OBLIGATION MAY OBTAIN DECLARATORY RELIEF ORDERING THE RECORD TO BE AMENDED, 5 U.S.C. §§ 552 a(g)(1)(A), (g)(2)(A) + (B) AND MAY RECOVER "ACTUAL DAMAGES" RESULTING FROM AN ADVERSE DETERMINATION BASED ON SUCH RECORDS, 5 U.S.C. § 552 a(g)(1)(C), (g)(4)(A) + (B). PLAINTIFF FILED NUMEROUS "GRIEVANCES" WITH THE (DOC) ADMINIS- TRATION ABOUT THE IMPROPER FOODS AND THE "MALNOURISHMENT" OF CONVICT [A] DISCOVERY PURSUANT TO, FED. R. CIV. PROC. RULES. 34, 37(a), 28 U.S.C.A., FED. R. CRIM. PROC. RULE. 16. IN ACCORDANCE WITH, THE UNITED STATES DISTRICT COURTS ALSO CRIM. R. 12(b)(4). AND "OBSTRUCTION OF JUSTICE" 18 U.S.C.A. §§ 401, 402, 3553(b); U.S. S.G. § 2x5.1, 18 U.S.C.A. APP. "SUBSTANTIAL EVIDENCE".

* * * * * * * [A] CLAIM FOR DAMAGES PURSUANT TO, 5 U.S.C. § 552a(g)(1)(C) OF THE PRIVACY ACT., "WHERE AN AGENCY ACTED IN AN, "INTENTIONAL OR WILLFUL" MANNER IN FAILING TO MAINTAIN ACCURATE RECORDS, [A] U.S. DISTRICT COURT MAY AWARD ACTUAL DAMAGES ~~THAT~~ SUSTAINED BY AN INDIVIDUAL AS A RESULT OF AN ADVERSE DETERMINATION BASED UPON SUCH RECORDS, 5 U.S.C. § 552 a(g)(4)(A) + (B). EXHAUSTION OF ADMINISTRATIVE REMEDIES IN NOT A "PRECONDITION" TO BRING AN ACTION FOR DAMAGES PURSUANT TO, THE PRIVACY ACT. [I]N COMPAREING 5 U.S.C. § 552 a(g)(1)(A) (ACTION FOR ORDER TO AMEND RECORD PERMITTED WHEN AGENCY REVIEW RESULTED IN DENIAL OF REQUEST OR AGENCY REFUSED TO REVIEW) WITH, 5 U.S.C. § 552 a(g)(1)(C) "WHICH" PERMITS ACTION WHERE AGENCY'S FAILURE TO "MAINTAIN" PROPER RECORDS RESULTS IN ADVERSE DETERMINATION AGAINST INDIVIDUAL.

[9]

[P]URSUANT TO, U.S.S.G. §§ 1B1.1.(h), 2N2.1. (MALNUTRITION), 8C4.2., - U.S.C.S. APPx. CH. 5, PART. A, ("VULNERABLE VICTIM"- PRISONER) CRIMES AND FINES. DEFENDANTS ARE LIABLE AS A RESULTS OF THEIR ACTS, OR IN ADVERT TO ACT. IN ACCORDANCE WITH THE ENCLOSED EXCLUSIVE, JURISDICTIONAL STATEMENT, ALSO THE UNITED STATES SENTENCING GUIDELINES, ARE "BINDING" AND ARE INCORPARATED INTO THE FEDERAL STATUTE PURSUANT TO, 18 U.S.C. § 3553(b), 18 U.S.C.A. § 3553(b).

6) PLAINTIFF IS SUEING, BECAUSE OF THE, et.al. DEFENDANTS DECISION ON THE (MONTHS/DATE/YEAR) OF 12/31/02 AND 12/31/03 IN WHICH THE BOARD DENIED (CONVICT/INMATES) PAROLE WHICH WAS ARBITRARY, IMPULSIVE, ABUSE OF DESCRETION, ALSO "RETALIATION", by VIOLATING PLAINTIFFS RIGHTS PURSUANT TO, STATUTORY LAWS, CONSTITUTIONAL LAW, RIGHTS. ARTICLES, TO (MY/HIS) CONSTITUTIONAL RIGHTS TO LIBERTY, WHILE NOT RECEIVING THE PROPER NUTRIENTS IN MY DIET, PURSUANT TO, 42 U.S.C. § 1983; 42 U.S.C.A. § 1983; 28 U.S.C. §§ 1331, 1343(3); 28 U.S.C.A. §§ 1331, 1343(3); 18 U.S.C. § 3626; 18 U.S.C.A. § 3626; U.S.S.G. §§ 1B1.1.(h), 2N2.1. (MALNUTRITION); 8C4.2.; U.S.C.S. APPx. CH. 5, - PART. A. ("VULNERABLE VICTIM"; "PRISONER") (CRIMES AND FINES). SEE: DERMAN-V-WOODSON: 429 F.2d 1288 (1970) AT 1289 #2,3, CONCLUSION: 1290, 50 1/2 HOURS OF INADEQUET NUTRIENTS, STATED A CAUSE OF CIVIL RIGHTS ACTION. ALSO ROSS-V-COUGHLIN: 669 F.SUPP 1219 (S.D.N.Y. 1987) AT 1241-1242. CONCLUSION: 1243; "DEFILEMENT IN PROPER FOODS BEING SERVED TO PLAINTIFF, See: CHAPMAN-V-PICKETT: 801 F.2d 412 (7th CIR. 1986) AT. #913, CONCLUSION: 926 AND WARD-V-WALSH: 1 F.3d 873 (9th CIR. 1993) AT #878, #8.

[10]

<u>STANDARD   OF   REVIEW</u>

"[T]HE DISTRICT COURT REVIEWS THE PAROLE BOARD'S ACTIONS FOR ABUSE OF DISCRETION, ASKING WHETHER THE BOARD'S ACTION RESULTED "IN AN ABRIDGEMENT OF THE PETITIONER'S CONSTITUTIONAL, STATUTORY RIGHTS." "WILDERMUTH -V- FURLONG : <u>147 F.3d 1234,1236</u> (10TH CIR. 1998) (QUOTING PAZ -V-WARDEN : <u>787 F.2d 469, 473</u> (10TH CIR. 1986), MANDAMUS LAW : #73(1)·, 28 U.S.C. § 1361 ;  28 U.S.C. § 1361 , FED. R. CIV. PROC. RULE. 19, 20 TITLE. <u>IV</u>. PURSUANT TO THE, "<u>MULTI   CIRCUIT   REVIEW</u>" <u>FEDERAL   EXECUTION   STATUTE</u>, <u>THE   ENFORCEMENT   OF   CIVIL   CASES</u>, <u>EQUAL   ACCESS   TO   JUSTICE   ACT</u>, <u>AND   EQUAL   RIGHTS   UNDER   LAW</u>.

<u>MERITS</u>

CONVICTS CLAIMS THE BOARDS DECISION TO DENY HIS PAROLE WAS ARBITRARY, IMPULSIVE AND ABUSE OF DISCRETION.

i) IT WAS <u>RETALIATORY</u> FOR INMATES "CIVIL RIGHTS ACTIONS" AGAINST THE MASSACHUSETTS (DOC) DEPARTMENT OF CORRECTIONS (AGENCY) <u>et.al.</u>, THE PAROLE BOARD MEMEMBERS (AGENCY) <u>et.al.</u>, IN VIOLATION OF THE <u>SUPREMECY CLAUSE</u>. SEE RUMERY -V- TOWN OF NEWTON : <u>778 F.2d 66, 69</u> (1ST CIR. 1985), REV'D U.S. 107 S.CT. at 1194. BRADY -V- UNITED STATES, 397 U.S. 742, <u>90 S.CT. 1463, 1467</u>, 25 L.Ed. 2d 747, 755 (1970) (GOVERNMENT MAY NOT "NEEDLESSLY PENALISE [ ] THE ASSERTION OF A CONSTITUTIONAL RIGHT"). DOCKET NO : <u>99 - 1227 ; 99 -0896</u> AND TWO OTHER CIVIL ACTIONS IN FEDERAL COURTS. ALSO THE "<u>DISCIPLINARY   SANCTIONS</u>" IMPLEMENTED FOR THE PAST YEAS OF, <u>2000 TO 2004</u>·, FERRANTI -V- MORAN : — <u>618 F.2d 888, 892</u> N. 4 (1ST CIR. 1980), UNITED STATES LAW : # 50.10(2), U.S.C.A. CONST. AMEND. 1. "<u>BIVENS   CLAIM</u>" "<u>SANCTIONS</u>" ; THE COMMONWEALTH

[11]

OF MASSACHUSETTS, PAROLE BOARD DATED: 12/31/02 IN WHICH DENIED CONVICTS PAROLE, REASON BEING POOR ADJUSTMENT 41 D-REPORTS. THE D-REPORTS WERE THE RESULTS OF [A] CLEARLY ESTABLISHED Constitutional RIGHT. INADEQUATE DIET, FOODS THAT DO NOT CONSIST WITH CONVICTS DIETARY LAWS, U.S.C.A. Const. Amend. 1. [T]HE DISCIPLINARY SANCTIONS IMPLIMENTED BY THE D-BOARD OFFICERS WAS IN VIOLATION OF THE 1st. Amend; OF THE UNITED STATES Constitution OF AMERICA PURSUANT TO, Constitutional LAW: #90, U.S.C.A. ALSO Constitutional LAW:# 90(1), & 90(3), U.S.C.A. Const. Amends. 1, 14TH, M.G.L.C, 55 § 8; − − M.G.L.A.C., 55 § 8 IN ACCORDANCE WITH THE "SYNOPSIS" OF CONSTITUTIONAL LAWS, "SPEECH", "SUPRESSION OF SPEECH, REGULATION MUST BE NARROWLY TAILORED TO SERVE SIGNIFICANT GOVERNMENT INTREST, AND LEAVE OPEN AMPLE ALTERNATIVE FOR COMMUNICATION OF INFORMATION, U.S.C.A. Const. Amend. 1., 28 U.S.C. § 1367(a), − 28 U.S.C.A. § 1367(a); TITLE: 18. [P]LAINTIFF HAD LOSS OF EVERTHING FOR SANCTIONS, T.V., RADIO, CANTEEN, PHONE, VISITS; U.S.C.A. Const. 8TH, 5 U.S.C. §§ 701 − 706 "GENERALLY", U.S.C.A., U.S.C.A. Const. Amends. 1, 14TH,

2) THE PAROLE BOARD MEMBERS (et.al.) FAILED TO COMPLY WITH STATUTORY LAWS, BOTH FEDERAL AND STATE, 28 U.S.C. § 1367(a); 28 U.S.C.A. § 1367(a). GUIDELINESS (U.S.S.G.) MANDATED BY LAW.

3) (CONVICT/INMATE) DALEY−W54561 PAROLE EXPECTATION WAS CREATED SHORTLY AFTER HE BEGAN HIS SENTENCE, "MASSACHUSETTS MANDATORY MINIMUM SENTENCE" DERIVED FROM THE UNITED STATES FEDERAL SENTENCING GUIDELINES AS STATED IN, PLAINTIFF'S "PETITION" TO THE WARDEN, MASSACHUSETTS PAROLE BOARD DATED: 11/12/02 ALSO WAS HEIGHTENED BY THE APPROVAL OF (MY/HIS) PAROLE PLAN AND THE SUCCESSIVE ADMINISTRATIVE REVIEW.

[12]

THE, (DOC) DEPARTMENT, OF CORRECTION IN (ADMINISTRATION / CORPORATION / AGENCY) COMMISSIONER) (et. al.) REFUSAL TO PROVIDE FOODS THAT CONSIST WITH (INMATES / CONVICTS) RELIGIOUS FAITH, "RASTAFARIANISM" WHICH, SUBSTANTIALLY BURDENS (CONVICTS / INMATES) "ACCEPTANCE" (BELIEFS) OF (MY / HIS) RELIGIOUS DIETARY LAWS, CREEDS, TENENTS., VIOLATION OF THE, FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION. SEE: JOHNSON -V- HORN: 150 F.3d 276 (3RD CIR. 1998) AT 280  INADEQUATE DIET, RELEASED FROM CUSTODY ON AUGUST 9, 1997, FEDERAL STATUTES, 42 U.S.C. § 1983; 42 U.S.C.A. § 1983; 28 U.S.C. §§ 1331, 1343(3), 28 U.S.C.A. §§ 1331, 1343(3); 18 U.S.C. § 3626(3)(i)(ii)(B)(c)(D)(E)(i)(F), 18 U.S.C.A. § 3626(3)(i)(ii)(B)(c)(D)- (E)(i)(F)., U.S.C., U.S.C.A., U.S.C.A. CONST. AMENDS. 1, 5, 8, 14TH. AS STATED IN (MY / HIS) PAROLE BOARD PETITION (FROM AND AFTER SENTENCE), DATED: 11/12/02.

● 4) (CONVICTS / INMATES) FROM AND AFTER FEDERAL I.D. # 02384-015. SEE: SHAHEED -MUHAMMAD -V- DIPAOLO: 138 F. SUPP. 2d 99 (D. MASS. 2001) AT 102 "PLAINTIFF ADHEARS TO A STRICKLY VEGETARIAN DIET. AND FINALLY, OLUWA -V- GOMEZ: 133 F.3d 1237 (9TH CIR. 1998) AT #1238 "RASTAFARIAN QUALIFIES FOR [A] FIRST AMENDMENT PROTECTION, ESTABLISMENT PROTECTION, U.S.C.A. CONST. AMEND. 14TH § 14§§1, 5§ RASTA- FARIAN IS ENTITLED TO [A] SPECIAL DIET "VEGETARIAN" ADEQUATE NURISHMENT WHICH IS VEGETARIAN, NON DARRY, AND CONTAINS NO GRAPES NOR ANY THING FROM THE "VINE" NOR OTHER PRODUCTS DERIVED FROM A GRAPE VINE, NO ANIMAL -Bi PRODUCTS. "I am a STRICT VEGETARIAN" AS STATED IN MY CIVIL RIGHTS ACTIONS. NORFOLK SS: DOCKET NO: 99 - 1227, AND THE UNITED STATES FEDERAL DISTRICT COURT, OF MASSACHUSETTS, COMMONWEALTH: DALEY -V- D.O.C AND CHAIN IN COMMAND.

[13]

STATES OF AMERICA, 18 U.S.C. § 3626(3)(i)(ii)(B)(c)(E)(i)(F); U.S.C., U.S.C.A.,
U.S.C.A. Const. Amends., U.S. Const. Art. VI. cl. 2. AND U.S.C.A. Const. Art. 6,
-cl. 2., UNITED STATES CONSTITUTION, STATE I.D.# W5961, FEDERAL
(BOP) I.D.# 02384-015.

## MONETARY DAMAGES

[P]LAINTIFF ALSO SEEKS MONEY DAMAGES, IN A PROSPECTIVE
MANDATORY DECLARATORY AND [A] EXCEPTIONAL PROSPECTIVE APPROPRIATE
IMMEDIATE RELIEF WHICH IS ADEQUATELY PROTECTED BY
LITIGATION EXCEPTION INWHICH SHOWS HARD-SHIP TO PLAINTIFF,
DEFENDANTS (et.al.) EACH SUED IN THEIR CAPACITIES AND ENTITIES
IN THE SUM OF: 7,000,000.00 "MILLION" FROM THE MASSACHUSETTS
COMMONWEALTH TREASURY PURSUANT TO THE, U.S.C., U.S.C.A.,
U.S.C.A. Const. AMENDS; Art. 1, § 8, cl. 1; Art. 3. AMEND. 7. Cong. GLOBE,
37TH Cong. 2d Sess., APP. 2 (1861)·, Act of MAR. 3, 1863, 12 Stat. 765. -
JUD. CODE. §§ 24(20), 145.28 U.S.C.A. §§ 41(20), U.S.C.A. Const. Art. -
1, § 8, cl. 1; Art. 3., AMEND. 7. Also Article. I., U.S.C.A. Const. Art. 1, §1-
(PLENARY POWERS)·, AND 1 U.S.C.A. § 1 (PARCING STATUTES).
15 U.S.C.A. §§ 1, 77V, 78aa, (15 U.S.C.A.), U.S.C.A. Const. Art. 6, cl. 2. FOR
THE VIOLATION OF STATUTORY LAWS, PROVISIONS, SECTIONS, ARTICLES
THAT IS IN ACCORD WITH SAID JURISDICTION, PURSUANT TO,
U.S.C.A. Const. AMENDS. 1, 14TH·; 28 U.S.C.A. §§ 1331(a), 1343(3);
42 U.S.C.A. § 1983 TO THE APPROPRIATE STATUTES; — —
28 U.S.C.A. §§ 2108(A)-(G) (ENFORCEMENT OF CIVIL CASES), 2021
(ADMINISTRATIVE LAW, SUPREME COURT ENFORCEMENT), 2412(b)(c)(2)(i)(A)
(MANDATORY CONSTITUTIONAL TORTS, EQUAL ACCESS TO JUSTICE ACT.

[1 4]

THE ADA (W) 28 C.F.R. 55 551, 552 a(e)(5), (g)(1)(C), (g)(1)(A), (g)(4), ~~also the~~ 702, 701-706, — — 5 U.S.C.A. App. 2 (g)(1)(C), (g)(4) "AGENCY'S FAILURE TO COMPLY". ALSO 28 CFR §§ 77.1, 77.4. U.S. ATTORNEY GENERAL ORDER NO: 2216-99, — 64 FR 19273 (APRIL 1999), U.S.C.A. CONST. AMEND. 8, 14TH. ALSO THE RETALIATION, DENIAL OF PAROLE BY THE WARDEN, THE COMMONWEALTH'S PAROLE BOARD. [B]ECAUSE OF (CONVICTS/INMATE) EXCERSIZING (MY/HIS) CONSTITUTIONAL RIGHTS, AS STATED IN THE ENCLOSED PETITION, SEE: LAWRANCE-V-COUGHLIN: 862 F. SUPP. 1090 (S.D.N.Y. 1994) AT 1104 #14, 15., 1106 THIRD PARAGRAPH. CONCLUSION: 1120, DAMAGES, "RETALIATORY ISSUES". — CIVIL RIGHTS LAW: #242(5). #242(5), U.S.C.A.; CONSTITUTIONAL LAW:#272(2). #272(2). #272(2), U.S.C.A.; PARDON AND PAROLE LAW: # 60, 62. #60, 62, U.S.C.A.

* * * * * * FINALLY PLAINTIFF MOTIONS TO THE HONORABLE COURT, UNITED STATES FEDERAL DISTRICT COURT, TO ENTER A GENERAL COURT ORDER OR COMMAND TO SUBMIT A REQUISITION TO THE STATE, COMMONWEALTH'S AUDITOR FOR A WARRANT UPON THE, (STATE/COMMONWEALTH'S) DEPARTMENT OF CORRECTIONS, OF MASSACHUSETTS "TREASURE DEPARTMENT", FOR THE PAYMENT OF THE ENTITLED DEMAND BY PLAINTIFF, WHICH IS WITHIN THE COURTS EQUITABLE POWERS, AND IN ACCORDANCE WITH, 18 U.S.C. §§ 401(1)(2)(3), - 402 (DISOBEDIENCE), CONTEMPT LAW: # 24, 75. # 24, 75, U.S.C.A., — FED. R. CIV. PROC. RULE. 70, 28., U.S.C.A. (MONEY SANCTIONS, COERCIVE SANCTIONS FOR, NON COMPLIANCE, FAILURE TO DISBURSE, PAYMENT TO PLAINTIFF). ALSO PURSUANT TO THE, UNITED STATES SENTENCING GUIDE-LINES, IN WHICH ARE "BINDING" AND ARE INCORPORATED INTO THE FEDERAL STATUTES PURSUANT TO, 18 U.S.C. § 3553(b).

[15]

" CONTEMPT" PURSUANT TO, U.S.S.G. § 2J1.2, 2J1.2, 2X5.1, 3B1.4, 3C1.1, AND U.S.S.G. § 5E1.1(a)(c)(e) "RESTITUTION" AND SERIOUS CONTEMPT FINES", IN ACCORDANCE WITH, 18 U.S.C. §§ 3663(a)(1)-3664(e) "RESTITUTION AND NON COMPLIANCE". [P]LAINTIFF MOTIONS FOR THE, EXAMINATION OF FINANCIAL INSTITUTION OF THE COMMONWEALTH OF MASSACHUSETTS TREASURE AND THE DEPARTMENT OF CORRECTIONS TREASURE DEPARTMENT PURSUANT TO, 18 U.S.C. § 1517 ALSO IN ACCORDANCE WITH, ARTICLE I, SECTION 9, CLAUSE 7 OF THE, U.S. Const., "STATEMENT AND ACCOUNT CLAUSE" PURSUANT TO, U.S.C., U.S.C.A., U.S.C.A. Const. Amend. "GOVERNMENT'S PROPERIETARY CAPACITY"

IN ACCORDANCE WITH, U.S. Const. Art. I, § 8, Cl. 18. AND U.S.C.A. Const. AMEND. 10, U.S.C.A. Const. Art. 3, § 1. "POWER of CONGRESS TO SUIT AGAINST THE STATE, COMMONWEALTH", OF MASSACHUSETTS. FED. RULES. CIV. PROC. RULE. 67, 28 U.S.C.A. DEPOSIT IN COURT LAW: # 1, U.S.C.A., U.S.C., U.S.C. APPENDIX, U.S.C.A., U.S.C.A. APPENDIX. [B]ECAUSE OF THE (STATE/COMMONWEALTHS) OF MASSACHUSETTS IS NOT ONLY CUMBERSOME AND TIME CONSUMING, BUT UNCERTAIN IN OUTCOME, SINCE THE JUDGMENT CANNOT BE PAID UNLESS AND UNTIL THE, (STATE/COMMONWEALTH) OF MASSACHUSETTS, "LEGISLATURE VOTES", "TO APPROPRIATE THE MONEY NECESSARY TO PAY IT". WHICH IS IN VIOLATION OF FEDERAL STATUTORY LAW, OF THE CIVIL RIGHTS LAWS OF THE UNITED STATES OF AMERICA, TITLE: 18, "WHO EVER", "PARCING STATUTE". IF NOT, (PAID-PROCESSED) TO PLAINTIFF WITHIN THIRTY DAYS, AFTER DEFAULT JUDGEMENT POST ANSWER DEFAULT, AND JUDGMENT, FINAL ORDER AND JUDGMENT. SEE ENCLOSED MEMORANDUM. [F]EDERAL [C]OURTS [L]AW: # 687, U.S.C.A., FED. RULES. CIV. PROC. RULE. 62(d), 28 U.S.C.A.; U.S. DIST. CT. RULES. D. MASS, RULE. #'s,...).

[16]

"[T]HE [D]EPARTMENT [O]F [C]ORRECTIONS [O]F [M]ASSACHUSETTS, _IS NOT_ ENTITLED TO (ORDER/COMMAND) WAIVING SUPERSEDS BOND REQUIREMENT, FOR STAYING ENFORCEMENT OF JUDGEMENT AGAINST IT FOR VIOLATION OF THE "ENCLOSED MATTER" IN REFFERANCE TO PAYMENT TO PLAINTIFF, F.R.C.P. RULE. 11., F.R. APP. RULE. 38 "FRIVOLOUSE APPEALS", AND U.S. SUPREME COURT OF AMERICA. RULES. 42, 43, 58. 28 U.S.C.A.; 18 U.S.C.S.; APP'X; 18 U.S.C.A. THE (STATE/COMMONWEALTH) "_MUST_" HAVE [A] — "_CORPARATE PAYROLL FUND_", INWHICH GUARANTEE PAYMENT TO PLAINTIFF, "_ADEQUATE FUNDS FOR PAYMENT_", IF NOT ENFORCED, U.S. Const. Art. I, §8, – Cl. 18. _AND_ U.S.C.A. Const. Amend. 10., U.S.C.A. Const. Art. 3, §1. "POWER OF CONGRESS TO SUIT AGAINST THE (STATE/COMMONWEALTH) " IS GUARANTED TO FALL INTO PLAY, 18 U.S.C. § 3053.; 18 U.S.C.S. § 3053; 18 U.S.C.A. § 3053. "UNITED STATES MARSHALS ARREST WITHOUT WARRENT".

## CONCLUSION

[E]NCLOSING PLAINTIFF PRAYS THAT THE, UNITED STATES DISTRICT COURT JUDGE, FOR THE DISTRICT COURT OF MASSACHUSETTS, WILL GRANT PLAINTIFFS APPLICATION OF THE CIVIL RIGHTS ACTION ENCLOSED WITIN THE REFERENCE INTEXT OF SAID (ENCLOSED/ENTITLED) MATTER. [I]N AID OF, JURISDICTION_S_, BIFURCATION RELIEF, PROVISION_S_, SECTION_S_, ARTICLE_S_, LAW_S_, STATUTE_S_, TITLE_S_, TO EFFECTUATE THE, "GARUNTEED DUE PROCESS" (14 §§1,5), Article._V_. OF SAID CIVIL RIGHTS ACTION IN FAVOR OF PLAINTIFF PURSUANT TO, 42 U.S.C.A. § 1981 (EQUAL RIGHTS UNDER LAW) ******* STATUTE_S_ AND REGULATIONS IN ACCORDANCE WITH, U.S.C.A. Const. Art. 6, cl. 2.; STATE LAW: # 18.5., #18.5., M.G.L.A. c; UNITED STATES LAW: # 82(1), #82(1), U.S.C.A.

[17]

[P]ETITIONER ALSO REQUEST THAT SAID COURT CLERK OF THE HONORABLE COURT, TO "FORWARD" THESE ◼LEGAL DOCUMENTS, CIVIL RIGHTS ACTION, AND FEDERAL STATUTORY LAWS INFRINGMENT ACTION, CARBON COPY TO THE DEFENDANTS DEFENCSE ATTORNEY AND THE STATE ATTORNEY GENERAL OF MASSACHUSETTS COMMONWEALTH PERTAINING TO SAID CIVIL ACTION. ALSO IN CONJUNCTION WITH THE HONORABLE JUDGE, FINAL ORDER, DECLARED, AD JUDGE, AND DECREED, FED. R. CIV. P. RULE. 4(a) FINAL APPEALABLE ORDER; GENERAL PROVISION FRCP., FED. R. APP. RULE. 38, "FRIVOLOUS APPEALS", 28 U.S.C.A., FED. R. APP. RULE. 34(a)(b), FIRST CIRCUIT. R. 10(a)(b) THE CAUSE IS THEREFORE SUBMITTED WITHOUT ORAL ARGUMENT.

CC/FILE
DATED: 12/14/04
J.T.G.; J.R.D, JR.

RESPECTFULLY SUBMITTED,

*John T. George; John R. Daley, Jr.*
JOHN T. GEORGE; JOHN R. DALEY, JR. W59561

PRO SE
MCI CEDAR JUNCTION WALPOLE
P.O. BOX 100
SOUTH, WALPOLE MA. 02071

[18]

I, JOHN T. GEORGE; JOHN R. DALEY, JR.-WS9561 (STATE PRISON I.D.#)
DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS
TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. ON THIS
12TH MONTH, 14TH DAY, 2004TH YEAR.

RESPECTFULLY SUBMITTED,

John T. George; John R. Daley, Jr.
JOHN T. GEORGE; JOHN R. DALEY, JR.-WS9561
PRO SE


## CERTIFICATE OF SERVICE

I, JOHN T. GEORGE; JOHN R. DALEY, JR.-WS9561 HEREBY CERTIFY THAT THIS
DAY A TRUE COPY OF THE ENTITLED WITHIN, CIVIL RIGHTS ACTION
AND EXHIBITS "DOCUMENTS" (WAS/WERE) SERVED TO THE, MASSACHUSETTS,
UNITED STATES DISTRICT COURT, HONORABLE JUDGE AND COURTS CLERK
ALSO ADDRESSED TO THE, DEFENDANTS (et.al.), "FORWARDED" TO THE
MASSACHUSETTS DEPARTMENT OF CORRECTIONS DEFENSE ATTORNEY, AND
THE MASSACHUSETTS PAROLE BOARD (AGENCY/CORPORATION/ADMINISTRATION)(et.al.),
[T]HE [U]NITED [S]TATES [M]ARSHALS [S]ERVICE, PURSUANT TO, 18 U.S.C. § 3053;
18 U.S.C.S. § 3053; 18 U.S.C.A. § 3053; FOR THE TREASURE DEPARTMENT
FOR PAYMENT BY THE D.O.C. DEPARTMENT OF CORRECTIONS,
"CORPARATE PAYROLL FUND", FOR EACH PARTY BY MAIL/BY HAND, INDIGEN
-T MAIL, REGULAR MAIL. [T]HE PRO SE PLANTIFF RECORD AND FILE,
ON THIS, 12TH MONTH, 14TH DAY, 2004TH YEAR.

CC/ALE
DATED: 12/14/04
J.T.G.; J.R.D, JR.

[19]

RESPECTFULLY SUBMITTED,
John T. George; John R. Daley, Jr.
JOHN T. GEORGE, JOHN R. DALEY, JR.
PRO SE
MCI CEDAR JUNCTION WALPOLE
P.C. BOX 100
SOUTH, WALPOLE MA. 02071

# EXHIBITS:

PAROLE BOARD PETITION

FROM:John R. Daley W59561
TO:Warden, Massachusetts Commonwealth Parole Board
RE:Parole Eligibility
DATE:11/12/02
ADDRES:27 Wormwood St.
        Boston MA. 02210
Attention: Mr. Michael J. Pomarole(Chairman)
           Mr. Timothy F. App(Executive Director)


     At this time I inmate John R. Daley,In correspondance becau-
se of my parole eligibility on the month of 2/15/03.Inmate was
sentenced under the Truth and Sentenceing Guide Lines.Inwhich was
derrived from the United States Federal Sentencing Guide Lines.
(U.S.S.G) where an inmate has to do 2/3 rds of his sentence befor
-e parole eligibility,Minimum Mandatory Sentence.

     Due to Inmates,"Civil Rights Action"both State and Federal.
The Declaratory and Injunctive Relief,because of the violation of
inmates United States Federal Constitutional Rights,Freedom of
Religion,U.S.C.,U.S.C.A. ,U.S.C.A. Const. Amend 1.(Docket NO:-
99-1227)(Daley v Hall).Commonwealth Constitutional Rights.Constit
-utional Law;#272.5 U.S.C.A. Const. Amend. 1.,Art.1,8 cl.17(Excel
-arated Release),Also U.S.C.A. Const. Art.1 § 9,cl.3 Amend. 5.
U.S.C., U.S.C.A., U.S.C.A. Const. Amend. M.G.L.A. Const.Pt.1,Art.
-24. Constitutional Law:#203. 18 U.S.C.A. § 3626(3)(i)(ii)(B)(C)-
(D)(E)(i)(F).,See inmates refusal to sign my religious diet sheet
-(Alternate Feeding Sheet),because of the constant problems with
my meals.Department of Justice Compliance 28 CFR §§ 77.1,77.4,-
Attorney General ORDER NO: 2216-99, 64 FR. 19273(April 1999).Free
-dom of Religion,the Establishment Clause,Due Process and Liberty
Intrest.U.S.C.A. Const. Amend.14.(14 § 1,5).Constitutional Law:#
-254.1,Substansive Due Process, Administrative Law and Procedure:
#413.

     The judicial "Term"(Definetion) "et al" inwhich only the-
Warden,Superintendant and the Parole Board can answer to inmates
(plaintiff) Civil Rights Complaint.See:Chandler v Barncastle:-
919 F.2d 23(5th Cir.1990) at pg.25(Dicussion) (A.Jurisdiction)#1-
last paragraph.Inmate's Federal Civil Action in Federal Courts:
case John R. Daley v U.S. Commonwealth of MA,(et al).18 U.S.C.-
§ 4206(b),28 CFR §§ 2.13,2.14:A statement of reasons for denying
parole or not answering to the complaint.


cc/file
Dated:11/12/02


J.R.D

<u>PAROLE BOARD PETITION</u>

Pursuant to the charges on inmate Daley in violation of
Federal Statue 21 U.S.C. § 841,28 CFR § 550.58(Possecesion with-
Intent to distribute), 18 U.S.C. § 922(gun possesion),M.G.L.A.c.
94 C, M.G.L.c. 140, § 129c.Inso as <u>still not a crime of violence</u>-
("Active Emplyment") U.S.S.G. §§ 4B1.2 and 5k2.13.,Drugs and Norc
-otics Law:#13.Or any other charges that was brought against inma
-te Daley pursuant to 18 U.S.C. § 4208(c) inmate severity in
offences were minimal according to the police report.

Pursuant to 28 CFR § 2.20(1999) Parole Commision.(Special-
Parole) 5 U.S.C. §§ 551,552 a(e)(5),(g)(1)(C,D).,81 ALR. Fed 801,
553 and The <u>Executive Department,</u>(APA) 28 U.S.C. § 2241(Hebeas-
Corpus),<u>Criminal Law</u>.Inmate should be paroled to my <u>Federal From
and After Sentence</u>.There is no <u>potential risk of inmates violatio</u>
-<u>n</u>,because he has a Federal From and After to be served.M.G.L.A.c
-127 § 133 A, U.S.C.A. Const.Amend.14. Pardon and Parole Law:51,
Constitutional Law:#250.3(2). G.L.c. 279, §§ 24,31 (No Statutory-
limits on Parole Eligability).Inwhich inmate Daley did activate
through the Federal Courts.28 CFR §§ 2.11,2.12.
18 U.S.C. §§ 3621(e)(2), 924(c)(3)., 28 CFR § 550.58.See Due Proc
-ess Clause "United States Code" 18 U.S.C. §§ 4164,4203(a)(1)(2),
4206(a)(2)(<u>d</u>), 4210(a)(b):(1). ,5003(a)(1)(A)(B)(c)(3)(b)(c)(d)-
From and After Federal Sentence (Violation of Supervised Release)
(parole).Inmate covictions not a crime of violence as defined by
18 U.S.C. §§ 924(c)(3),and 922(g).

Inmate also completed the NA/AA Program, Prison Law:#15(3),-
15(7).The drafting coarse at MCI Norfolk, G.L.c.127,§ 129 D.And
pursuant to inmates From and After sentence(Federal Sentence).
U.S.C.A. Const. Amends.5,6., 18 U.S.C.A. § 4208(a) for the viola-
tion of (Parole) Supervised Release inmate <u>Shall</u> be released to
his Federal Sentence 18 U.S.C. § 4164 <u>Mandatory Release</u>,also the
<u>1988 Policy</u> and pursuant to 127 § 133 <u>M.G.L.c.</u>, M.G.L.A.c. 129 §
-90 A,Early Parole.M.G.L.c.,M.G.L.A.c. 127 §§ 129 C,D. ,M.G.L.A.c
279 § 8A. Criminal Law:#1216(3).,Parole and Pardon Law:#51.,
G.L.c. 279, §§ 24,31., 103 CMR 411.01 and The United States -
Attorneys Manuel § 2-2.110, 28 CFR § 0.20(b).

Respectfully Submitted

cc/file
Dated:11/12/02

J.R.D

John R. Daley W59561
MCI Cedar Junction-
Walpole
P.O.Box 100
South,Walpole MA.02071

MASSACHUSETTS CORRECTIONAL INSTITUTION AT NORFOLK

## WARRANTS

NAME AND NUMBER: DALEY, JOHN W59561    DATE: 3-3-2000

| DOCKET NUMBER | COURT OF ISSUE | TYPE OF WARRANT | CHARGE | DATE OF ISSUE | DISPOSITION |
|---|---|---|---|---|---|
| 03284-015 | U.S.Marshals | Request to notify upon release | DeJaner | 3-12-98 | Lodged |

You have the right to apply for a speedy trial on any untried indictment or complaint from any Court in the Commonwealth under Mass. Rule 36 (b) and Chapter 279, Section 3 of Massachusetts General Laws.

cc:    Central Records    From:    Records
       Inmate
       Parole

**S.D.P. Clearance**
**Needs**
**Processing** ☐
**Cleared** ☐
**NA** ☐

INITIALS _____

NOTICE 7-12-01

DATE _June 12, 2001_

PREPARED BY _Lisa Black_
                    _W-59561_

### "DEDUCTIONS FROM SENTENCE" SUMMARY SHEET

#### GOVERNING RELEASE DATES

| Parole | Minimum | Maximum | G.C.D. |
|--------|---------|---------|--------|
| 3-5-03 | 3-5-03 | 3-5-05 | — |

Inmate: No. _Daley, John Jr._

Effective Date of Sentence: _3-6-95_

Period Beginning: _9-1-00_

Ending: _5-31-01_

Total Deductions Allowed in Computing
Adjusted Release Dates from Governing Release
Dates:

Good Conduct _____ _0_          Camp _0_

129 D _____ _17.5_          Blood _0_

Total Good Conduct Forfeitures: _____
(Not to be included in Computation).

Since Last Request—Dated

Camp: _0_

Blood: _0_

#### Adjusted Release Date
Includes Camp Time, Blood Time, 129 D Time

| Parole | Minimum | Maximum | G.C.D. |
|--------|---------|---------|--------|
| 2-15-03 | 2-15-03 | 2-15-05 | — |

RECEIVED
JUN 19 2001

#### 129 D (only)

| Program/Activity | Inst. of Participation | Dates of Participation | Recommended Deductions |
|------------------|------------------------|------------------------|------------------------|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |

M.C.I. WALPOLE / C.O.R.I. PROD
Earned Time History Report
for period from 2000 0901 to 2001 0531
Comm. #: W59561 DALEY, JOHN JR

Date: 2001 0612   08:09:19                          Page: 22

Period      Prog                                    Days     Days
Ending      Type Program Name      Inst Rating    Earned   Granted
                                                   17.50    17.50
        Total 1-Jun-91 to 2000 0831  :   17.50    17.50
        Total for period ending 2000 0831  :   17.50   17.50
                        Grand Total:    17.50   17.50

Note:  A maximum of 2.5 days may be credited each month in each program type.
       ** indicates time that is pending authorization at your site
       Earned time pending authorization at any other site is not
       shown on this report.

**(Continued on Other Side)**

#### REVISED RELEASE DATES

| Parole | Minimum | Maximum | G.C.D. |
|--------|---------|---------|--------|
| 2-15-03 | 2-15-03 | 2-15-05 | — |

Total Number of Days Recommended _0_

_Julie Conlon_ 6-14-01
Superintendent or Designee    D

Total Number of Days Granted _0_

_Michael T. Maloney @ 6-26-01_

MCI-CEDAR JUNCTION

# "Deductions From Sentence" Summary Sheet

RECEIVED
JUL - 8 2002

**S.D.P. Clearance**

Needs
Processing

Cleared
NA

Date: _June 10, 2002_

Prepared by: _Lisa Black_

Inmate: _Daley, John Jr._

Number: _W-59561_

Effective Date of Sentence: _3-6-95_

Period Beginning: _6-1-01_
(Date)

Period Ending: _5-31-02_
(Date)

## Governing Release Dates

| Parole | Minimum | Maximum | G.C.D. |
|--------|---------|---------|--------|
| 3-5-03 | 3-5-03 | 3-5-05 | None |

**Total Deductions Allowed in Computing Adjusted Release Dates from Governing Release Dates:**

Good Conduct ____ Ø    Camp ____ Ø

129 D ____ 17.5    Blood ____ Ø

**Total Good Conduct Forfeitures:** _____
(not to be included in computation)

Since Last Requested - Dated _6-12-01_

Camp: ____ Ø

Blood: ____ Ø

## Adjusted Release Date
### Includes Camp time, blood time, 129 D

| Parole | Minimum | Maximum | G.C.D. |
|--------|---------|---------|--------|
| 2-15-03 | 2-15-03 | 2-15-05 | None |

## 129 D (Only)

| Program/Activity | Institution of Participation | Dates of Participation | # Recommended Deductions |
|------------------|------------------------------|------------------------|--------------------------|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |

## Revised Release Dates

| Parole | Minimum | Maximum | G.C.D. |
|--------|---------|---------|--------|
| 2-15-03 | 2-15-03 | 2-15-05 | None |

Total Numbers of Days Recommended: ____ Ø

_Sharon Blanchard_ 6-28-02
Superintendent or Designee        Date

Total Number of Days Granted: ____ 0

_Michael T. Maloney_
Commissioner
Date
7-11-02

### *The Commonwealth of Massachusetts*
### *Parole Board*

Michael J. Pomarole
Chairman

Timothy F. App
Executive Director

## HEARING NOTICE
### State and County Sentences

**To:** John Daley
**From:** JPO Bowen
**Institution:** MCI CJ
**Date:** 11-13-02

Your parole hearing is scheduled to take place on ___December 2002___.  The Parole Board will use this hearing to decide whether you may be released on parole to serve the remainder of your sentence in the community under the supervision of a parole officer and subject to specific rules and conditions of behavior.  Before the hearing begins, the members of the hearing panel will review your case materials. These materials include information about your current sentence, prior criminal offenses, social and educational history. These records also include information about your criminal conduct and what you have done while serving your current sentence.

During your hearing, the hearing panel members will ask you questions about the following:

❖ The crime for which you now in custody
❖ Your criminal record
❖ Any issues you have had with drug or alcohol use
❖ What you have done while serving this sentence
❖ Your plans for release if you are paroled

Lawyers and witnesses are not allowed to attend this hearing.

You may postpone this hearing if you have outstanding court cases, received insufficient notice of the hearing or believe that you are not prepared.

You may also waive your right to a parole hearing.

Attached to this notice is a questionnaire that that you are asked to complete prior to your parole hearing. The Parole Board needs this information to make a decision about parole release for you.  Please record your answers in the spaces provided for each question on the following pages.  A Parole Officer will meet with you **soon** to review the information you provided and to answer your questions about parole.  *Please ask the parole officer to assist you if you cannot complete this form by yourself.*

**A.    List the charges and courts for all criminal cases involving you which are still outstanding:** There Are No Charges, Only A Federal From And After Sentence to be Served, (See Attached)

**B. Do you want to postpone this hearing?**                    Yes____  No ✓

**C. Do you want to waive your right to a parole hearing at this time?**   Yes____  No ✓

If you answer yes to either question, a parole officer will meet with you to explain what will happen when you postpone or waive your parole hearing. You may cancel a decision to postpone or waive at any time.

**Name:**                 **Hearing List:**                **Date:**

**A.    Proposed Home Plans:**

Do you have a home in which to live if you are released on parole?     Yes _✓_ No___

If yes, please provide the following information:   There is a from and after sentence
to be served (See my petition to ti

Address: 18 Hinsdale Lane
City: Willingboro,                                    Board)
State: New Jersey , 08046
Name of home sponsor: Alice Turnbull          Relationship: Sister
Sponsor's phone number: (609) 835 - 2584      Best time to contact: Evenings

**B.    Proposed Work Plans:**

Do you have a job or will you attend school/training if released on parole? Yes_✓_   No___
If yes, please provide the following information:  I plan to do both. (Job and school)

Name of Company/School:
Phone Number:
Address:
City:
State: New York / New Jersey Area
Name of employer or supervisor:
Does this person know you are in custody?            Yes___ No___

**C.    Other Proposed Plan:**

Do you plan to enter a residential program if paroled?          Yes _✓_ No___
If yes, please enter name and address of any program to which you have been accepted and
the name and telephone number of the contact person.

Program Name:
Program Address:
Name of Program Contact Person:
Telephone:

**D.    Other:**

Do you have access to a firearm?          Yes___ No _✓_
Do you have an FID Card?                  Yes___ No _✓_
Do you have a license to carry a firearm?  Yes___ No _✓_

---

**OFFICE USE ONLY- DO NOT WRITE BELOW THIS LINE**

| | |
|---|---|
| To: | Region/District: |
| From: | Institution: |
| Hearing Date: | Date Summary sent: |
| Approved/Denial: | Reason(s): |
| Signature: | Date: |

Page 2

**A.    Physical Description:**

Eye color: BROWN
Hair color: Black
Height: 5'9"
Weight: 170
Tattoos/Scars: None

**B:    Identification Information:**

DOB 12/23/63
Marital Status (circle one) D,M,P,S,W,O
Veteran:                              Yes___ No ✔
Citizenship: United States Virgin Islands ( St. Thomas )
True Name/Alias   JOHN R. DALey

**C.    Parents:** Adopted PARENTS NAMES
Father's Name and Address: ( Dead ) Robert DALey
Mother's Name and Address: CATHERINE DALey ( United States Virgin Islands ) ( St. Th

**D:    Medical Issues:**

Do you have any medical problems?    Yes ✔ No___ if yes, please describe: Lacking In Nutri proteins, Minerals, Vitamins, Inadequa

Are you currently taking any medication?    Yes___ No ✔ If yes, what? Diet, Religious Di Vegetarian.

**E.    Employment:**

Do you have any restrictions to the to the type of work you can do?    Yes___ No ✔
If yes, what?

**F.    Prior Paroles:**

Have you ever been on parole before?           Yes ✔ No___
If yes, in Massachusetts?                       Yes___ No ✔
Other Sates?                                    Yes ✔ No___
Where? ~~Massachu~~ Delaware     How many times? Once
When? 1992 (MAY)                # of parole Violations? One

**A.    Current Offense:**

Please describe the details of the offense for which you are now incarcerated. Inclu...
city/town where the offense occurred, the arresting police department, your role in the
commission of the offense, co-defendant's role(s) and any harm suffered by any victim(s) of
the offense. Also include how the offense began and ended, the weapons if any, used and how
you were caught. (Use back or additional Sheets if necessary).   See Attached, Parole Board
Petition. (Pages: Two page Petion)

Did you have any co-defendants?                              Yes___ No ✓
If yes, what are their names and where are they now?

**B:    Substance Abuse Issues:**

Please provide a brief description of your substance abuse history. Include the kinds of alcohol
and drugs you have used, the frequency of use, and your age when this period of use began.
Describe how this use affected your life, include personal circumstances and employment, and
discuss any treatment you have been involved with in the community or while incarcerated.   I have
No Substance Abuse Issues (None)

**C.    Institutional Programming:**

Please provide a brief description of your institutional programming, include employment, prior
to this incarceration, if applicable.   See Attached, Parole Board Petition.
(# of Pages: Two) I worked in the Kitchen At
MCI. Cedar Junction, MCI Gardner As A Janitor
Also As A Painter in MCI Cedar Junction.

Use the other side of this page if you need more room. You may attach additional pages if you
still need more room.   **Additional page(s) required?** Two  Yes ✓ No___

**Your Signature:**
**Date Completed:**  11/ /02

Page 4

## CLASSIFICATION FORM

Name: DALEY, JOHN          Commit# W59561    Inst: NOR 4 RB          Date: 04/28/2000

Review Status: Reclass   ·          Recommendation: HIGHER          Institution/Level Holding Board  NOR 4

Inmate's Request: Transfer to Federal Authorities

---

Institution Recommended: OCC

  Level Recommended: 5

          Screen:

  Facility Screen:

**Board's Rationale**
Reclassification Committee recommends placement at OCCC level-5 due to the nature of the D-report.

Point Based Score: 4     Vote 3 to 0     Review Date     10/2000

Chairperson's
Signature:                          Date: 4.28.00     Board        H. LOPEZ  CPOII
                                                      Members:
Inmate's                                                          B. HOUSTON CPO I
Signature:                          Date: 4/28/00
                                                                  R. BLOOD LT

---

Advised of Appeal Process?    Yes [ X ]    No [  ]          48 Hours Notice?  Yes [ X ]    Waived [  ]

Superintendent's Decision:    Approved [ X ]   Denied [  ]   Modified [  ]     Screen:

  Institution Recommended:          Level Recommended:     Facility Screen:

    Reason/Condition:

                Appeal Denied

Superintendent's (or Designee) Signature:  H. Bell          Date: 5/1/01

Commissioner's Decision:    Approved [  ]   Denied [  ]   Modified [  ]     Screen:

  Institution Recommended:          Level Recommended:     Facility Screen:

    Reason/Condition:

Commissioner's (or Designee) Signature:          Date:

Appeal/Modification Results          Screen:

  Institution Recommended:     Level Recommended:   Facility Screen:

    Results:

Commissioner's (or Designee) Signature:          Date:

### *The Commonwealth of Massachusetts*
### *PAROLE BOARD*

Michael Pomarole
Chair

Timothy App
Executive Director

27-43 Wormwood Street
Boston, Massachusetts  02210-1606

**TO:** John Daley Jr. W-59561

**FROM:** IPO Weimar

**DATE:** December 31, 2002

**RE:**    **RESULT OF PAROLE HEARING – PAROLE DENIED**

After a careful, objective analysis, the parole Board voted to Deny you release under parole supervision. This decision was based on the following specific reason(s):

_ Nature of offense:

_ Prior Criminal History:

_ Inadequate Attention to the Cause(s) of Criminal Behavior: No SA Programming

_ Poor Institutional Behavior:

X Other: Higher security, poor adjustment, 41 D-reports.

Parole Board Policy allows you to APPEAL this decision within thirty (30) days from the date of the Board's vote if you believe the decision was unfair. You may also petition for a RECONSIDERATION of the Parole Board's vote ninety (90) days from the date of the decision, if there are additional facts the Board should be made aware of or if circumstances have changed since the time of the Board's decision. **Requests of this nature must be filed with the Institutional Parole Office only.** Any requests submitted to the Parole Board's central office will be returned to you.

If you have any questions or if you wish to file an appeal or a reconsideration request, please contact the Institutional Parole Office responsible for your institution.

CC: File

*EXHIBITS: B*

### The Commonwealth of Massachusetts
### Parole Board

Maureen Walsh
Chairman

Don Giancioppo
Chief of Staff

## ANNUAL PAROLE REVIEW HEARING NOTICE
### State and County Sentences

**To: John Daley  W-59561**
**From:  Parole Officer**
**Institution:  MCI-Cedar Junction**
**Date: 12-03-2003**

Your annual parole review hearing is scheduled for _____December 29, 2003_____.

The following are the reasons that were stated by the Parole Board at your last hearing as to the reason(s) that you were denied parole release.  The Parole Board may also have indicated program requirements that you are expected to complete before parole release would be granted.

-------------------------------------------------------------------------------------------

Please answer the following questions and return this form to the Parole Officer at your pre-parole hearing interview.  The parole officer will meet with you soon to review your responses and to answer any questions that you may have.

1. **What is new or different about the issues identified by the Parole Board in the decision to deny you parole at your last hearing.  (You may use the back of this form or attach additional sheets if necessary.)** *LESS Disciplinary Reports But SAME ISSUE, Denial of Proper Religious Meals, which IS STRICT Vegetarian "Rastafarianism"*

2. **Describe any program or jobs that you have participated in since your last parole hearing.** *NONE*

3. **Please list any significant health problems.** *Malnutrition Losing Significant Weight*

FORM "A"

## COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

| INMATE'S NAME: WAKIMBA, JOHN T. GEORGE; JOHN R. DALEY | INMATE'S #: W59561 | DATE: 10/25/04 |
|---|---|---|

| INSTITUTION: MC I – CEDER JUNCTION WALPOLE | DATE OF INCIDENT: 10/25/04 |
|---|---|

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in **Block A**.
3. In **Block B**, give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in **Block C**. Be sure to include the identity of staff members you have contacted.
5. Provide a Requested Remedy in **Block D**.

**A.** Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance select Emergency and one additional grievance type.

✓ **EMERGENCY**

**B.** Give a brief and understandable summary of your complaint/issue. Additional paper may be used, if necessary. SAID CONVICT HAS IN THE PAST FILED GRIEVANCES ABOUT MY STRICKLY, NON DAIRY VEGITARIAN DIET, RASTAFAR-I. I AM STILL RECEIVING DAIRY MILK AND DAIRY CHEESE, AND NOT RECEIVING A VEGITARIAN LIQUIDE SOY PROTIEN MILK. SINCE JUNE 1, 2000 UPON MY RETURN TO MCI WALPOLE I HAVE USED THE NUMEROUS GRIEVANCE FORMS PROVIDED BY (THIS/SAID) INSTITUTION.

**C.** List any action taken to address/resolve this matter. Include the identity of staff members you have contacted. I HAVE ADDRESSED MY ISSUES TO THE, DIRECTOR OF TREATMENT, FOOD DIRECTOR, PAST AND PRESENT SUPERINTENDANTS OF SAID INSTITUTION, ALSO TO THE DIETITION. I HAVE EVEN FILED A CIVIL RIGHTS ACTION PERTAINING TO THE DEFILEMENT OF FOODS AND THE VERY SMALL PORTIONS BEING SERVED

**D.** Provide your Requested Remedy. TO HAVE THESE PRODUCTS REPLACED WITH THE PROPER SOY BEAN LIQUIDE MILK, SOY BEAN CHEESE OR PEANUT BUTTER, IN PLACE OF THE BUTTER BEING SERVED TO HAVE THE JELLO AND PUDDING REPLACED WITH NATURAL DESERTS

Inmate's Signature _Wakimba, John T. George; John R. Daley Jr._ Date: 10/25/04

Staff Recipient _____ Date: _____

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**
(Inmate receipts/responses will be generated via the Inmate Management System.)

Attachment III

# MASSACHUSETTS PAROLE BOARD
## PROPOSED HOME PLAN

Offender/Parolee:_____    #_____    Date:_____

Institution: _____    IPO: _____

     Prior to your release, your home plan must be verified and approved. Please complete this form and return it to the Institution Parole Staff as soon as possible. *From And After — Federal Sentence*

### Home Information

| | |
|---|---|
| Street Address | *From And After Federal Sentence* |
| State and City | *Delaware, Willmington* |
| Name of home sponsor | |
| Relationship | |
| Sponsor's telephone number | |
| Best time to reach sponsor | |

| |
|---|
| Have you confirmed that you can reside at this residence?    Yes     No    (circle one) |
| Have you ever resided at this location prior to this incarceration?   Yes    No    (circle one) |
| Has anyone at this address ever taken out a restraining order against you?   Yes    No    (circle one) |
| Full names of others living at this address: |

### Investigation Findings

| | |
|---|---|
| FPO decision:<br><br>   Approved     Denied    (circle one) | Reasons: |
| FPO Signature: | |
| Parole Supervisor decision:<br><br>   Approved     Denied    (circle one) | Reasons: |
| Parole Supervisor Signature: | |

Original: Folder
Copy: Chief & IPO (all denials)
March 2003

431 - 18

Attachment IV

# MASSACHUSETTS PAROLE BOARD
## PROPOSED WORK PLAN

Offender/Parolee: _____    # _____    Date: _____

Institution: _____    IPO: _____

    Prior to your release, your employment plan must be verified and approved. Please complete this form and return it to the Institution Parole Staff as soon as possible.

### Employment Information

| | |
|---|---|
| Street Address | *From And After Sentence "Federal"* |
| State and City | *Delaware, Willmington* |
| Name of employment sponsor | |
| What is the position or type of work you will perform? | |
| Employer's telephone number | |
| Best time to reach employer | |

Have you contacted this employer within the last two months to confirm you will be hired?    Yes    No    (circle one)

Have you ever worked for this company before?    Yes    No    (circle one)

List your social security number:

### Investigation Findings

| | |
|---|---|
| FPO decision:<br><br>Approved    Denied    (circle one) | Reasons: |
| FPO Signature: | |
| Parole Supervisor decision:<br><br>Approved    Denied    (circle one) | Reasons: |
| Parole Supervisor Signature: | |



*The Commonwealth of Massachusetts*
*PAROLE BOARD*
45 Hospital Road Building D3 Medfield, MA 02052

*Maureen E Walsh*
*Chairman*

*Don Gianciappo*
*Chief of Staff*

**TO:**     John Daley  W 59561

**FROM:**   IPO Bowen  MCI Cedar Junction

**DATE:**   December 29, 2003

**RE:**     **Parole Board Final Decision of 12-29-03**

### ANNUAL REVIEW 12-2004

Please be advised that the Parole Board voted to deny you release under parole supervision.

### Release Denied under parole supervision for the following reasons:

☐ **Nature of Offense**

☐ **Prior Criminal History**

☐ **Inadequate Attention to the Cause(s) of Criminal Behavior**

☐ **Poor Institutional Behavior**

☐ **Other:____failed to appear for hearing**

_____

### Appeal

You have the right to appeal this decision within thirty (30) days from the date of the Board's vote if you believe the decision is incorrect. Appeal petitions must be submitted to the Institutional Parole Officer at the facility where you are held. Petitions submitted directly to the Parole Board's Central Office will be returned to you.

### Reconsideration

You have the right to petition for a reconsideration of the Parole Board's vote within one (1) year from the date of the decision if there are additional facts the Board should be made aware of or if circumstances have changed since the time of the Board's decision. Reconsideration petitions must be filed with the Institutional Parole Officer at the facility where you are held. Petitions submitted directly to the Parole Board's Central Office will be returned to you.



### The Commonwealth of Massachusetts
### PAROLE BOARD
45 Hospital Road Building B3, Medfield, MA  02052

Maureen E Walsh
Chairman

Don Gianciappo
Chief of Staff

**TO:**      John Daley  W 59561

**FROM:**    IPO Bowen, MCI CedarJunction

**DATE:**    February 19, 2004

**RE:**      **Parole Board Final Decision of Office Vote decision 2-9-04**

Please be advised that the Parole Board voted to deny you release under parole supervision.

**Release Denied under parole supervision for the following reasons:**

☐  **Nature of Offense**

☐  **Prior Criminal History**

☐  **Inadequate Attention to the Cause(s) of Criminal Behavior**

☐  **Poor Institutional Behavior**

X  **Other:_Appeal denied  - no noted reason s , prior vote to stand**

_____

_____

### Reconsideration

You have the right to petition for a reconsideration of the Parole Board's vote within one (1) year from the date of the decision if there are additional facts the Board should be made aware of or if circumstances have changed since the time of the Board's decision. Reconsideration petitions must be filed with the Institutional Parole Officer at the facility where you are held. Petitions submitted directly to the Parole Board's Central Office will be returned to you.

cc: Institutional Parole File

6/17/02

PAR 3.22

# Massachusetts Department of Correction
## Deduction from Sentence
### MCI CEDAR JUNCTION

Report Date:           20040907 08:16:01
Report Prepared By:    Black, Lisa
Commitment #:          DALEY, JOHN (W59561)
Sentencing Unit:       A
Unit Effective Date:   19950306
Report Period:         19950306 through 20040731

| Period Ending | Prog Type | Program Name | Participation Dates | Inst | Rating | Days Recommended | Days Granted |
|---|---|---|---|---|---|---|---|
| 1997 0228 | WORK | Institutional Employment | 1997 0228 : | GAR | S | 2.5 | 2.5 |
| | | **Total for period ending** | | | | **2.5** | **2.5** |
| 1999 0131 | WORK | Institutional Employment | 1999 0131 : | WAL | I | 0.0 | 0.0 |
| | | **Total for period ending** | | | | **0.0** | **0.0** |
| 1999 0228 | WORK | Institutional Employment | 1999 0228 : | WAL | S | 2.5 | 2.5 |
| | | **Total for period ending** | | | | **2.5** | **2.5** |
| 1999 1130 | EDUC | EDUCATIONAL RELEASE | 1999 1130 : | NOR | S | 2.5 | 2.5 |
| | | **Total for period ending** | | | | **2.5** | **2.5** |
| 1999 1231 | EDUC | EDUCATIONAL RELEASE | 1999 1231 : | NOR | S | 2.5 | 2.5 |
| | | **Total for period ending** | | | | **2.5** | **2.5** |
| 2000 0131 | EDUC | EDUCATIONAL RELEASE | 2000 0131 : | NOR | S | 2.5 | 2.5 |
| | | **Total for period ending** | | | | **2.5** | **2.5** |
| 2000 0229 | EDUC | EDUCATIONAL RELEASE | 2000 0229 : | NOR | S | 2.5 | 2.5 |
| | | **Total for period ending** | | | | **2.5** | **2.5** |
| 2000 0331 | EDUC | EDUCATIONAL RELEASE | 2000 0331 : | NOR | S | 2.5 | 2.5 |
| | | **Total for period ending** | | | | **2.5** | **2.5** |

Page 1 of 2

# Massachusetts Department of Correction
## Deduction from Sentence
### MCI CEDAR JUNCTION

Report Date:            20040907 08:16:01
Report Prepared By:     Black, Lisa
Commitment #:           DALEY, JOHN (W59561)
Sentencing Unit:        A
Unit Effective Date: 19950306
Report Period:          19950306 through 20040731

Inmate has 10 business days to contact Records Department to dispute earned good time.

Combined Release Dates for sentencing unit A ,effective date: 19950306

                                Combined Dates as of: 20040907 04:09:57
                                Original    Revised    Adjusted

Time on Parole:          0
Dead Time (Parole):      0
Dead Time (Escape):      0
                            PE Dates:    20030305              20030215
Earned Time:         17.50
                       Minimum Dates:    20030305              20030215
Forfeitures:            .0
                       Maximum Dates:    20050305              20050215
Restorations:           .0
                           GCD Dates:

*The Commonwealth of Massachusetts*
*Parole Board*

Maureen Walsh                                          Don Giancioppo
Chairman                                               Executive Director

## ANNUAL PAROLE REVIEW HEARING NOTICE
### State and County Sentences

**To: John Daley  W 59561**
**From:  IPO Bowen**
**Institution:  MCI-Cedar Junction**
**Date: November 3, 2004**

Your annual parole review hearing is scheduled for **lst week of December 2004.**

-------------------------------------------------------------------

Please answer the following questions and return this form to the Parole Officer at your pre-parole hearing interview.  The parole officer will meet with you soon to review your responses and to answer any questions that you may have.

1.  **What is new or different about the issues identified by the Parole Board in the decision to deny you parole at your last hearing.  (You may use the back of this form or attach additional sheets if necessary.)** LESS DISCIPLINARY REPORTS BUT SAME ISSUE, INADEQUATE NON DAIRY, VEGETARIAN DIET, RELIGIOUS MEALS, WHICH SAID CONVICT IS A RASTAFARIAN, A STRICK VEGETARIAN.

2.  **Describe any program or jobs that you have participated in since your last parole hearing.**  NONE

3.  **Please list any significant health problems.**  MALNURISHED, LOSING Significant Weight

**4. Please complete the *HOME and WORK* page attached form.**

**Name:**                    **Hearing List:**                    **Date:**

SAID CONVICT (HAS/HAVE) A FEDERAL SENTENCE, FROM AND AFTER SENTENCE TO SERVE

**A.    Proposed Home Plans:**

Do you have a home in which to live if you are released on parole?        Yes___No___

If yes, please provide the following information:

Address:
City:
State:
Name of home sponsor:                    Relationship:
Sponsor's phone number:                    Best time to contact:

**B.    Proposed Work Plans:**

Do you have a job or will you attend school/training if released on parole? Yes___        No___
If yes, please provide the following information:

Name of Company/School:
Phone Number:
Address:
City:
State:
Name of employer or supervisor:
Does this person know you are in custody?        Yes___ No___

**C.    Other Proposed Plan:**

Do you plan to enter a residential program if paroled?        Yes___ No___
If yes, please enter name and address of any program to which you have been accepted and the name and telephone number of the contact person.

Program Name:
Program Address:
Name of Program Contact Person:
Telephone:

**D.    Other:**

Do you have access to a firearm?                Yes___ No___ ✓
Do you have an FID Card?                        Yes___ No___ ✓
Do you have a license to carry a firearm?        Yes___ No___ ✓

**OFFICE USE ONLY- DO NOT WRITE BELOW THIS LINE**

To:
From:                                        Region/District:
Hearing Date:                                Institution:
Reserve Date:                                Date Summary sent:
Approved/Denial:
Signature:                                   Reason(s):
                                             Date:


February 2002