UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN R. DALEY,
              Plaintiff,

                                     Civil Action No.  02-10858-REK
      v.                              Civil Action No.  02-11274-REK
UNITED STATES, ET AL.,              Civil Action No.  02-11896-REK
              Defendants.         Civil Action No.  04-12732-MLW


**FURTHER ORDER ON APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES, ORDER FOR CONSOLIDATION OF CASES
AND ORDER RE: AMENDED COMPLAINT**

Keeton, Senior Judge

     On November 16, 2004 I issued a Further Procedural Order assessing the filing fee in the three civil actions before me, and directing the Plaintiff to show cause why the case should not be dismissed against defendants Commonwealth of Massachusetts, the Department of Correction, the United States, and the various unnamed and/or unknown defendants for the reasons set forth in the Order.  A summons also issued with respect to the defendant Timothy Hall, with instructions to the plaintiff to direct the United States Marshal to serve the complaint.  To date, no proof of service has been filed.

     In response to the November 16, 2004 Order, Plaintiff submitted what appears to be an "amended complaint," but that pleading does not correct the identified defects.  Also, it includes matters relating to plaintiff's pending habeas petition before Chief Judge Young.  Plaintiff also submitted a renewed Application to Proceed *in forma pauperis*, which appears to seek reconsideration of my assessment of the filing fee pursuant to 28 U.S.C. §1915.  But it fails to indicate how the assessment of the filing fee was incorrect.

**Page 1**

Later, on December 27, 2004, plaintiff submitted, under the name John T. George/John R. Daley, a new civil rights action under §1983 alleging deliberate indifference to his nutritional needs. He claims to be a strict, non-dairy vegetarian, and that he is not being given adequate meals to accommodate his Rastafarian religious beliefs. He includes information indicating he has pursued administrative remedies.

Because the plaintiff appears to use two names (John T. George and John R. Daley), the Clerk's Office erroneously randomly assigned this later action to Judge Wolf, as Civil Action No. 04-12732-MLW, instead of assigning that case as related, under to Local Rule 40.1(e)(5). As noted previously, plaintiff also has a petition for writ of habeas corpus, challenging the Massachusetts Parole Board decision, pending before Chief Judge Young, as Civil Action No. 04-12502-WGY.

BACKGROUND

A summary of the facts was previously recounted in my May 15, 2003 Procedural Order. Briefly stated, In 2002, Plaintiff John Daley, a prisoner at MCI Cedar Junction, filed three separate actions. He later submitted materials from a state court action and documents purporting to be a habeas petition. In civil action 02-10858-REK, plaintff alleges he is a Rastafarian and is a non-dairy vegetarian. He complains that the meals he receives at MCI Cedar Junction are not heated and are too small. In civil action 02-11274-REK, plaintiff brings a civil rights action claiming he was transferred to Cedar Junction in retaliation for filing various civil suits and that prison guards failed to protect him from assault. Finally, in civil action 02-11896-REK, plaintiff claims that a correctional officer retaliated against him for filing civil rights actions, although he provided no details.

In the November 16, 2004 Further Order, I found that plaintiff's three 2002 actions are nearly

identical and all involve claims of alleged violations of plaintiff's due process and First Amendment rights. I therefore amended my previous Procedural Order of May 15, 2003 assessing the $150 filing fee for each of the above three civil actions ($450 total) and directed that the plaintiff be required to pay only a <u>single</u> filing fee of $150. I further indicated I would consider formal consolidation of those actions either upon motion of the plaintiff or after a response of a defendant is filed.

ANALYSIS

I.    <u>Civil Action No. 04-12732-MLW is reassigned to this Court as related</u>.

In plaintiff's recent complaint, he reiterates his claims of deliberate indifference to his medical/nutritional needs based on his strict vegetarian diet, as a Rastafarian. He provides additional information with respect to attempts to resolve this matter within the prison system. He claims he is losing weight and is malnourished and ill as a result of an inadequate diet. Because these claims are supplement his previous claims, I order this case be re-assigned to me from Judge Wolf, pursuant to Local Rule 40.1(e)(5).

II.    <u>All four civil cases shall be consolidated into Civil Action No. 02-10858-REK</u>.

To further the efficient administration of these civil actions, I find that consolidation of all these civil rights (non-habeas) claims is warranted. Accordingly, I direct that Civil Action Nos. 02-11274-REK, C.A. 02-11896-REK and C.A. 04-12732-MLW be consolidated with the earlier filed case, C.A. 02-10858-REK. All further filings with respect to civil rights claims by the plaintiff must be made in C.A. 02-10858-REK as the "Lead Case", and the other three actions are administratively terminated from the docket. They are no longer pending cases.

III.    <u>No filing fee will be assessed to the Plaintiff with respect to C.A. 04-12732-MLW</u>

In accordance with this Order for Consolidation of all four of these civil actions, I treat the most recent case filing (C.A. 04-12732-MLW) as a supplement to an earlier filed action, and therefore order that the clerk not impose a $150 filing fee in that action. Also, since plaintiff has failed to demonstrate how my previous order for assessment of the $150 filing fee (based on his prison account balance) is erroneous, I decline to reconsider the imposition of the initial installment of the filing fee at this time, especially in view of this Order declining to impose an additional fee of $150 for the filing of a new civil action, and the previous Order declining to assess a $450 fee on plaintiff in these actions. Accordingly, plaintiff's motions in all cases are terminated as moot.

IV.     Plaintiff is directed to file one comprehensive "Consolidated Amended Complaint"

Because much of Plaintiff's pleadings are incoherent and contain extraneous material, the state of the pleadings as they currently stand, are too deficient to require Timothy Hall to respond. Moreover, the pleadings do not comport with Fed. R. Civ. P. Rule 8(a), which requires a plaintiff to include in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Notwithstanding that this standard sets forth a relatively low pleading threshold, plaintiff's pleadings fail to meet this standard. Accordingly plaintiff is directed to file, within forty-two (42) days of the date of this Order, a single pleading entitled "Consolidated Amended Complaint" in which he must clearly set forth all civil causes of action he currently wishes to pursue. The Consolidated Amended Complaint must not include extraneous recitations of case law upon which Plaintiff relies. It must set forth clearly the factual details (for example: the dates when the alleged incidents occurred, the names and positions of the alleged perpetrators, and steps taken by Plaintiff to exhaust administrative remedies within the prison system). Plaintiff must <u>not</u> include matters relating to

his habeas petition involving the Massachusetts Parole Board, as those claims must be directed to Chief Judge Young in the habeas case. Plaintiff is also advised that any claims against the Department of Corrections, the Commonwealth of Massachusetts, the United States, and any unknown or unnamed defendants (i.e. Unknown Deputy Superintendent, Unknown Director of Security, Unknown Classification Board Prison and Downtown Department, Unknown Disciplinary Officer, and MCI Cedar Junction Superintendent and His Chain of Command) are dismissed for the reasons set forth in the November 16, 2004 action. If and when the plaintiff becomes aware of the identity of the unknown individual defendants, he may move for leave to further amend his complaint to include those individual defendants and for the issuance of summonses, but only if the motion is timely.

V.    Issuance of Summons with respect to Timothy Hall

If the plaintiff complies with this Order to file a comprehensive Amended Consolidated Complaint within forty-two (42) days, I again authorize issuance of a summons for service of the Amended Complaint on defendant Timothy Hall, along with the provision of forms necessary for the plaintiff to direct the U.S. Marshals to conduct service upon this defendant. For ease in service, Timothy Hall may be served at the following address:

> Timothy Hall
>  Industries Drive, Bldg A,
> P.O. Box 188
> Norfolk, MA 02056.

It is plaintiff's responsibility to ensure that proper service is made upon the defendant.

VI.    Correction of docket to list Plaintiff as "John R. Daley" a/k/a John T. George

Plaintiff's styling himself as John R. Daley/John T. George or John T. George/John R. Daley,

has caused some confusion in the processing of the pleadings. According to the Department of Correction records, the plaintiff is listed as "John R. Daley" only (based on his prison identification number). In order to avoid further confusion, the clerk is directed to correct the dockets to name the plaintiff as John R. Daley a/k/a John T. George.  This is without prejudice to the plaintiff providing some explanation why the docket should be otherwise, if he so contends.

For the foregoing reasons, it is hereby Ordered:

1. The Clerk will reassign Civil Action No. 04-12732-MLW to the undersigned as a related case.

2. Civil Action Nos. 02-11274-REK, C.A. 02-11896-REK and C.A. 04-12732-MLW are hereby consolidated with the earlier filed case, C.A. 02-10858-REK. All further filings with respect to these civil rights claims must be made in C.A. 02-10858-REK as the "Lead Case". The Clerk will forthwith terminate the other three actions from the docket as pending cases.

3. No filing fee will be assessed to the plaintiff with respect to C.A. 04-12732-MLW. All motions for leave to proceed *in forma pauperis* are terminated from the dockets as moot in view of this Order.

4. Plaintiff is directed to file one comprehensive "Consolidated Amended Complaint" in C.A. 02-10858-REK (Lead Case), within forty-two (42) days from the date of this Order. Failure to do so may result in dismissal of this case for the reasons set forth in the November 16, 2004 Further Procedural Order and this Order. The Commonwealth of Massachusetts, the Department of Correction, the United States, and the various unnamed and/or unknown defendants must not be included in the Consolidated Amended Complaint. The plaintiff shall not include any habeas claims against the Mass. Parole Board in the Consolidated Amended Complaint.

5. If the Plaintiff complies with this Order to file a comprehensive Amended Consolidated Complaint within forty-two (42) days, the Clerk must again issue a summons for service by the plaintiff of the Amended Complaint on defendant Timothy Hall.

6. The clerk is directed to correct the dockets to indicate the Plaintiff as John R. Daley a/k/a John T. George (not two separate plaintiffs).

<u>January 25, 2005</u>             <u>/s/ Robert E. Keeton</u>
DATE                      SENIOR, UNITED STATES DISTRICT JUDGE